## BALTIMORE & O. R. CO. v. DE LEONE.

(Circuit Court of Appeals, Sixth Circuit. May 8, 1923.)

No. 3750.

1. **Railroads ⬅️350(22)—Contributory negligence of truck driver at crossing held question for jury.**

In an action for the death of a person struck while driving a truck over a grade crossing in a town, where it was shown that the view was obstructed and that the train was moving at a high rate of speed, the question of contributory negligence was one for the jury.

2. **Railroads ⬅️236—Municipal ordinance regulating speed presumptively valid.**

A municipal ordinance regulating the speed of trains, enacted under the police power, and which conforms to the limitations prescribed by the Legislature, is presumptively reasonable and valid, and not in conflict with the federal or state Constitution, and while the presumption may

⬅️For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

be rebutted, in order to overcome it a railroad company must affirmatively show its unreasonableness in its application to the facts in the case.

3. **Municipal corporations ⊜112(2)—Ordinance "regulating the speed of automobiles and railway trains" held to contain but one subject.**

An ordinance "regulating the speed of automobiles and railway trains" *held* not in violation of a statute providing that no ordinance shall contain more than one subject, which shall be clearly expressed in its title.

4. **Railroads ⊜236—Ordinance held effective to limit lawful speed of railway trains.**

Under a statute authorizing municipalities to regulate the speed of railway trains within their limits, a speed in excess of that prescribed by ordinance is unlawful, though the ordinance imposes a penalty for its violation different from that prescribed by the statute, and which perhaps could not be enforced.

In Error to the District Court of the United States for the Eastern Division of the Northern District of Ohio; D. C. Westenhaver, Judge.

Action at law by William L. De Leone, administrator of the estate of Antonio Mendalia, deceased, against the Baltimore & Ohio Railroad Company. Judgment for plaintiff, and defendant brings error. Affirmed.

William L. De Leone, as administrator of the estate of Antonio Mendalia, deceased, brought an action in the common pleas court, Portage county, Ohio, against the Baltimore & Ohio Railroad Company, to recover damages sustained by the widow and next of kin for wrongfully and negligently causing the death of Antonio Mendalia. On petition of the railroad company the cause was removed to the United States District Court.

About 7 o'clock p. m. on July 13, 1920, Mendalia was driving an automobile truck south on Chestnut street in the city (then village) of Ravenna, Ohio, This street is crossed at grade, at right angles, by two main tracks and two switch tracks of the Baltimore & Ohio Railroad Company. The railroad company's east-bound passenger train No. 10 collided at this crossing with the truck driven by the deceased, causing the injuries which resulted in his death.

The petition averred that the railroad company was negligent, in (1) that it operated its train to and across this highway crossing at grade, without giving the warning or notice by whistle and bell, as required by the law of Ohio, for the safety and protection of travelers using the highway; (2) that the railroad company operated its train within the city of Ravenna to and over this street crossing at a negligent and excessive rate of speed in violation of an ordinance of the village (now the city) of Ravenna; (3) that the railroad company failed to keep in repair a good and sufficient crossing and approach to the intersection of its tracks with said street. This last charge of negligence was withdrawn from the jury by the trial court. The railroad company for answer to this petition denied negligence on its part and further averred that Mendalia was guilty of negligence directly and proximately causing or contributing to his injuries. At the close of plaintiff's testimony, and again at the close of all the evidence, the defendant asked the court to direct a verdict in its favor, which motions were overruled and exceptions taken.

The defendant thereupon requested the court to charge, in substance, that the train which collided with the truck in which the decedent was riding was a train engaged in interstate commerce and was carrying United States mail, and that the ordinance of the city of Ravenna, limiting the speed of trains to 15 miles an hour, is an undue burden upon interstate commerce, and that it would not be negligence on the part of the railroad company to operate its train, while so engaged in interstate commerce, through the city of Ravenna, and across Chestnut street, at a speed in excess of 15 miles an hour. This re-

⊜For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

quest was refused, and exceptions noted. Upon the issue joined the jury returned a verdict in favor of the plaintiff. A motion for new trial was overruled, and judgment entered upon this verdict.

Charles F. Smith, of Youngstown, Ohio (Harrington, Deford, Huxley & Smith, of Youngstown, Ohio, on the brief), for plaintiff in error.

Louis H. Winch, of Cleveland, Ohio (Payer, Winch, Minshall & Karch, of Cleveland, Ohio, on the brief), for defendant in error.

Before KNAPPEN, DENISON, and DONAHUE, Circuit Judges.

DONAHUE, Circuit Judge (after stating the facts as above). [1] It is conceded that this train was traveling at least 45 miles an hour, and there is some evidence in the record tending to prove that it was traveling as fast as 60 miles an hour. If this ordinance fixing a speed limit of 15 miles an hour is valid, the defendant was guilty of negligence in this respect. The evidence in this case disclosed such a condition of the crossing, particularly in reference to obstructions to view, which taken in connection with the evidence in relation to the speed at which this train was traveling, that it is sufficient to say the alleged contributory negligence of the deceased does not appear therefrom as a matter of law, but, on the contrary, was a question for the determination of the jury. Therefore the motion for a directed verdict was properly overruled. Schell v. Du Bois, 94 Ohio St. 93, 103, 104, 113 N. E. 664, L. R. A. 1917A, 710 and cases there cited; C., C., C. & St. L. Ry. Co. v. Grambo, 103 Ohio St. 471, 482, 134 N. E. 648, 20 A. L. R. 1214.

The defendant in its answer did not challenge the reasonableness of the speed limit fixed by this ordinance. On the contrary, it denied generally all allegations of negligence, including the allegation that it had violated this speed ordinance. Nor was any evidence directed specifically to this question. It is claimed, however, that the exhibits offered by the defendant in error, and admitted in evidence, show that this crossing is in an outlying section of the municipality; but, from all that appears from the evidence in this case, the vehicle traffic upon this street and upon this particular part of this street may be substantially as heavy and continuous as upon any other street in any other part of the city.

[2] In Lusk et al. v. Town of Dora (D. C.) 224 Fed. 650, it was held that:

"An ordinance regulating the speed of trains, enacted as an exercise of the police power of the municipality, delegated to it by its charter, is presumptively reasonable and valid, and not in conflict with the federal Constitution; but the presumption may be rebutted."

This accident, resulting in the death of plaintiff's intestate, occurred in Ohio and therefore the statutes and the decisions of the court of last resort of that state construing the same, if not in conflict with the federal Constitution, are controlling.

In Railway Co. v. Grambo, 103 Ohio St. 471, 134 N. E. 648, 20 A. L. R. 1214, it was held by the Supreme Court of Ohio that:

"An ordinance regulating the speed of trains through a municipality, enacted under the exercise of police power, which conforms to the limitations

prescribed by the Legislature, is presumptively reasonable and valid, and not in conflict with the state or federal Constitution. But the presumption may be rebutted, and in order to overcome such presumption a railway company must affirmatively show its unreasonableness."

To the same effect is the holding of the Supreme Court of Ohio in Blancke, Adm'x, v. Railroad Co., 103 Ohio St. 178, 133 N. E. 484. The Supreme Court of Ohio has also held in Railway v. Grambo, Sr., Adm'r, 103 Ohio St. 471, 134 N. E. 648, 20 A. L. R. 1214, that where the violation of a city speed ordinance is alleged as negligence in a personal injury case the defendant may plead the invalidity of the ordinance, because unreasonable in its application to the facts in the case. Whether the decisions of the Supreme Court of Ohio, above cited, are obligatory upon this court, is unimportant. We have no doubt that the result reached by that court is the proper one to be applied to the facts of this case.

[3] It is also contended on the part of the plaintiff in error that this ordinance is invalid, because in conflict with section 4226 of the General Code of Ohio, which provides:

"No ordinance, resolution or by-law shall contain more than one subject, which shall be clearly expressed in its title. * * *"

The title of this ordinance is "An ordinance regulating the speed of automobiles and railway trains." This is an ordinance regulating speed, and this subject is clearly expressed in its title. The fact that it regulates the speed of more than one vehicle is of no importance. It might have included a dozen other vehicles, if there were such vehicles requiring regulation. Heffner v. Toledo, 75 Ohio St. 413, 80 N. E. 8; Wellsville v. O'Connor, 1 Ohio Cir. Ct. Rep. (N. S.) 253.

[4] It is also insisted that the ordinance is invalid for the reason that it provides that:

"Any person violating this section shall, upon conviction, pay any sum not less than five dollars or more than twenty-five dollars, and the costs of prosecution and be committed to the county jail until paid."